# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19-cr-82 |
| v. ) | |
| ) | Judge Collier/Steger |
| CLINTON WILBORN ) | |

## MEMORANDUM AND ORDER

Clinton Wilborn ("Defendant") came before the Court for a hearing on July 24, 2019, in accordance with Rule 46(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142 and 3148 on the Petition for Action on Conditions of Pretrial Release ("Petition") [Doc. 11].

After being sworn in due form of law, Defendant was reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution. Defendant was represented at the hearing by his attorney, John Cavett.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

Defendant was advised of his right to a preliminary hearing and a detention hearing. After consultation with counsel, Defendant waived the preliminary hearing but requested a detention hearing. At Defendant's request, the detention hearing was scheduled on July 29, 2019.

At the detention hearing on July 29, 2019, the Government relied upon the sworn Petition [Doc. 11] to support its allegations that Defendant violated certain conditions of release and that he posed a danger to the community and a flight risk. More specifically, Defendant violated the following conditions of release:

> 8(p)   Defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

> 8(q)   Defendant must submit to any method of testing required by the United States Probation Officer to determine whether Defendant is using a prohibited substance . . . Defendant must refrain from obstructing or attempting to obstruct or

tamper, in any fashion, with the [efficacy] and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

8(z)   Defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer.

The Petition reflects that, while on pretrial release, Defendant continued to use methamphetamine; he attempted to obstruct his urinalysis on at least two occasions; and he was dishonest with the Probation Officer with respect to his drug use. He had to be required to enroll in a drug treatment program, but was not eligible for treatment by virtue of his deception. Defendant's counsel, John Cavett, proffered evidence on behalf of Defendant. Defendant does not deny the allegations in the Petition, but requests that the Court allow him to enroll in a drug treatment program at Focus Treatment Center in Chattanooga. Following presentation of evidence, both attorneys were given an opportunity to argue the issue of detention.

Based on the sworn allegations of the Petition and the evidence proffered by Defendant's counsel, the Court finds that Defendant has violated conditions of release. The Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The Court further finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required.

It is, therefore, **ORDERED** that:

1. The Petition for Action on Conditions of Pretrial Release [Doc. 11] is hereby **GRANTED**.

2. Defendant's bond conditions are revoked and he is Ordered into custody to be **DETAINED WITHOUT BAIL** pending further order of this Court.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE